IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOE HAND PROMOTIONS,
INC.,

      Plaintiff,

                                  Case No. 2:18-cv-1014
                                  Judge George C. Smith
      v.                           Chief Magistrate Judge Elizabeth P. Deavers

GLEN ACORD, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the failure of Defendant Acords Pizza Sub & Pub, Inc. ("Acords Pizza") to secure counsel and file a response to the Complaint in accordance with the Court's prior Order. (ECF No. 18.)

This action was filed on September 7, 2018. (ECF No. 1.) The docket reflects that Defendants were served and that their answers to the Complaint were due on October 17, 2018. (ECF Nos. 7, 8.) On October 11, 2018, Defendant Glen Acord, a non-lawyer proceeding without the assistance of counsel, filed an answer on behalf of himself and purportedly on behalf of Defendant Acords Pizza (ECF No. 9), which Plaintiff moved to strike (ECF No. 10.) On October 16, 2018, the Court granted Plaintiff's motion and ordered the answer stricken as to Defendant Acords Pizza, noting that corporations can proceed only through licensed counsel in this Court. (ECF No. 11 at 1–2.) In that same Order, the Court specifically advised Defendant Acords Pizza that it must retain counsel to represent it and to file a response to the Complaint on its behalf within thirty days. (*Id*. at 2.) The Court cautioned Defendant Acords Pizza that failure

to comply with the Order would result in the recommendation the Clerk enter default and that Plaintiff be permitted to move for default judgment against it. (*Id*.)

On November 16, 2018, it came to the Court's attention that a copy of the Order (ECF No. 11) was not sent to Defendant Acords Pizza. The Court therefore provided this Defendant another thirty days to secure counsel to represent it and to file a response to the Complaint on its behalf. (ECF No. 14 at 1.) The Court again specifically reminded Defendant Acords Pizza that it could proceed only through licensed counsel and that Defendant Glen Acord, a non-lawyer, cannot represent it in this action. (*Id*. at 2.) The Court cautioned Defendant Acords Pizza that failure to comply with the Order would result in the recommendation the Clerk enter default and that Plaintiff be permitted to move for default judgment against it. (*Id*.) The Court directed the Clerk to serve a copy of the Order on both Defendants by regular and certified mail (*id*. at 2), and the docket reflects that service was successful. (ECF Nos. 15, 16.)

Defendant Glen Acord moved for appointment of counsel. (ECF Nos. 12, 13, 17.) On December 3, the Court denied without prejudice the motions but specifically advised this Defendant that he may contact the Columbus Bar Association Lawyer Referral Service and/or the Legal Aid Society of Columbus. (ECF No. 18 at 1–2) (providing contact information for these resources).) The Court again reminded Defendants that Defendant Glen Acord, a non-lawyer, may not represent Defendant Acords Pizza in this action. (*Id*. at 2.) However, in its discretion and in the interest of resolving this case on the merits, the Court extended the deadline for Defendant Acords Pizza to secure counsel to represent it and to file an answer on its behalf to January 16, 2019. (*Id*.) The Court specifically cautioned Defendant Acords Pizza that failure to comply with the Order would result in the recommendation the Clerk enter default and that Plaintiff be permitted to move for default judgment against it. (*Id*. at 2–3.) The Court directed

the Clerk to serve a copy of the Order on both Defendants by regular and certified mail (*id*. at 3), and the docket reflects that service was successful. (ECF Nos. 19, 21.)

To date, no attorney has entered an appearance on behalf of Defendant Acords Pizza or filed a response to the Complaint on its behalf.[1] Under the present circumstances, it is therefore **RECOMMENDED** that the Court direct the Clerk to enter default against Defendant Acords Pizza Sub & Pub, Inc. and, once default is entered, that Plaintiff be permitted to move for default judgment against this Defendant.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

---

[1] Defendant Glen Acord submitted filings on December 28, 2018 (ECF No. 22), and on January 9, 2019 (ECF No. 23), complaining of his indigence and that the pursuit of Plaintiff's allegations is unjust. However, even if these were purportedly filed on behalf of Defendant Acords Pizza, the Court has repeatedly advised that he cannot represent Defendant Acords Pizza for the reasons previously discussed.

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waiver. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: January 23, 2019                             /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            CHIEF UNITED STATES MAGISTRATE JUDGE