# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 2:18-CV-1014 |
| vs. | : | JUDGE GEORGE C. SMITH |
| | : | MAGISTRATE JUDGE DEAVERS |
| GLEN ACORD, *et al.*, | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court upon Defendant Glen Acord's Motion to Dismiss. (Doc. 12). The motion is fully briefed and ripe for disposition. For the following reasons, Defendant Glen Acord's Motion to Dismiss is **DENIED**.

## I.  BACKGROUND

Plaintiff Joe Hand Productions, Inc. filed a Complaint against Defendant Glen Acord and Defendant Acords Pizza Sub & Pub, Inc. on September 7, 2018. (Doc. 1, Compl.). In the Complaint, Plaintiff alleges that on August 26, 2017, Defendants broadcasted the *Floyd Mayweather vs. Conor McGregor Fight* (the "Program") at their commercial establishment, Acord's Pizza Sub & Pub, without obtaining the requisite authorization from the Plaintiff. (*Id.* ¶19).

Plaintiff was granted the exclusive national commercial distribution rights to the Program that was telecast via pay-per-view on August 26, 2017. (*Id.* ¶16). Plaintiff initiated this action against Defendants because they did not obtain authorization from Plaintiff to show the Program in their commercial establishment. Plaintiff asserts the following three claims against

Defendants: Count I alleges Defendants violated the Federal Communications Act of 1934, codified at 47 U.S.C. § 605, *et. seq.* (*Id.* ¶22); Count II alleges Defendants violated the Cable and Television Consumer Protection and Competition Act of 1992, as amended, codified at 47 U.S.C. § 553, *et. seq.* (*Id.* ¶27); Count III alleges Defendants' conduct constituted copyright infringement in violation of 17 U.S.C. § 106 and 501. (Compl. ¶32).

Plaintiff filed its Complaint on September 7, 2018. (Doc. 1, Compl.). Defendant Glen Acord filed a *pro se* answer to the Complaint on October 11, 2018 on behalf of himself and Defendant Acords Pizza Sub & Pub, Inc. (Doc. 9). The Court granted Plaintiff's motion to strike the answer as to Acords Pizza Sub & Pub, Inc. on October 16, 2018 because Defendant Glen Acord is not a licensed attorney and cannot represent a corporation. (Doc. 10). Defendant Glen Acord filed a Motion to Appoint Counsel and Motion to Dismiss on October 31, 2018, (Doc. 12) and again on November 5, 2018, the second of which appeared to be a copy of the Motions filed on October 31, 2018. (Doc. 13).

The Court entered an Order denying Defendant Glen Acord's Motion to Appoint Counsel on December 3, 2018. (Doc. 18). On December 5, 2018, Plaintiff filed its Response in Opposition to Defendant Glen Acord's Motion to Dismiss. (Doc. 20). Defendant Glen Acord did not file a reply in support of the Motion to Dismiss, and the time to do so has now elapsed. The Court now turns to Defendant Glen Acord's Motion to Dismiss.

## II.    STANDARD OF REVIEW

Defendant brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ.

P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendant Glen Acord has generally moved this Court to dismiss Plaintiff's claims against him. Although Mr. Acord's request for dismissal is cursory, noting only that he believes a mistake was made by a third-party satellite provider (Doc. 12 at 3), he is entitled to substantial leeway as a *pro se* litigant. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). The

Court will therefore consider the sufficiency of Plaintiff's allegations as to each of its three claims.

A.     **Federal Communications Act of 1934**

Plaintiff alleges that Defendant Glen Acord violated the Federal Communications Act of 1934, codified at 47 U.S.C. § 605, *et. seq.*, by showing the Program at Acord's Pizza Sub & Pub without the Plaintiff's authorization (Doc. 1, Compl. ¶19).  The Federal Communications Act states:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney.

47 U.S.C. § 605(a)(1).  Although § 605(a) refers to communications by "wire or radio," the Sixth Circuit has found the statute applicable to satellite content service providers.  *See National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 912-913 (6th Cir. 2001).  Furthermore, this court has recognized that there is "no *mens rea* or scienter elements for a non-willful violation of [Section 605]," making a violation of Section 605 a strict liability offense.  *Joe Hand Promotions, Inc. v. RPM Management Co., LLC*, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011).  Accordingly, whether or not Defendant Glen Acord knew his alleged conduct violated 47 U.S.C § 605(a)(1) is not relevant to the analysis of liability.

Plaintiff alleges that Defendant Glen Acord, or employees under his direction, unlawfully showed the Program at Acord's Pizza Sub & Pub, Inc. on August 26, 2017, without Plaintiff's authorization.  (Doc. 1, Compl. ¶19).  In a letter to the Court, Defendant Glen Acord states that he obtained the Program via a third-party satellite provider ("Dish").  (Doc. 12 at 3).  However, Plaintiff claims that it was granted the exclusive commercial distribution rights to authorize

4

commercial establishments to show the Program. (Doc. 1, Compl. ¶16-17). Plaintiff alleges that Defendant Glen Acord allowed the Program to be shown at his commercial establishment without authorization to divulge the program to other individuals, including patrons at the establishment, in violation of 47 U.S.C. § 605(a). (Doc. 1, Compl. ¶19, ¶21).

Therefore, Plaintiff has pleaded sufficient facts that create a plausible basis for Plaintiff's claim that Defendant Glen Acord is liable for allegedly showing the Program at Acord's Pizza Sub & Pub without proper authorization from the Plaintiff in violation of 47 U.S.C. § 605(a).

**B.     Cable and Television Consumer Protection and Competition Act of 1992**

Plaintiff also alleges that Defendant Glen Acord violated the Cable and Television Consumer Protection and Competition Act of 1992, as amended, codified at Title 47, U.S.C. § 553, *et. seq.* The Cable and Television Consumer Protection and Competition Act states:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1). This court has recognized that, like 47 U.S.C. § 605, violation of 47 U.S.C. § 553 is also a strict liability offense. *Joe Hand Promotions, Inc. v. RPM Management Co., LLC*, 2011 WL 5389425, at *2 (S.D. Ohio Nov. 7, 2011). Accordingly, whether or not the Defendant knew his alleged conduct violated the law is not relevant to an analysis of the Defendant's potential liability.

Defendant Glen Acord asserts that he obtained the Program to show at his establishment through a third-party satellite provider ("Dish"). (Doc. 12 at 3). However, Plaintiff asserts that it had the exclusive right to authorize the receipt and/or interception of the Program at a commercial establishment. (Doc. 1, Compl. ¶16). Based upon this assertion, Plaintiff alleges that

5

Defendant Glen Acord violated 47 U.S.C. § 553, *et. seq.*, because Plaintiff did not authorize the Defendant to show the Program at Defendant's commercial establishment. (*Id.* ¶26).

Accordingly, Plaintiff has set forth sufficient facts in the Complaint to present a plausible basis for Plaintiff's allegation that Defendant Glen Acord violated 47 U.S.C. § 553, *et. seq.*

**C.      Copyright Infringement**

Finally, Plaintiff alleges that Defendant Glen Acord committed copyright infringement in violation of 17 U.S.C. § 106 and § 501 by showing the Program at Acord's Pizza Sub & Pub without Plaintiff's authorization. (Compl. ¶32). Title 17 U.S.C. § 106 states:

> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize the following . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly.

Additionally, Title 17 U.S.C. § 107 states:

> Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include – (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

Defendant Glen Acord does not appear to dispute that the use of the Program in this case was commercial in nature, that it was a pay-per-view telecast event, or that the whole Program was shown at Acord's Pizza Sub & Pub. (Doc. 12). However, it does appear that Defendant

Glen Acord disputes the market effect of the Defendant's alleged use of the copyrighted work. (Doc. 23 at 2).

The Sixth Circuit has found that the "alleged infringer" bears the burden of proof "as to market effect . . . if the challenged use is 'commercial' in nature." *Princeton University Press v. Michigan Document Services, Inc.*, 99 F.3d 1381, 1385-86 (6th Cir. 1996) (citing *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984)). In *Princeton University Press*, the Sixth Circuit found that fair use was negated where a copyshop in Michigan reproduced excerpts of copyrighted materials to create "course packs" purchased by college students without seeking the requisite permissions from the copyright holders. *Id.* at 1386-87. This practice allowed the defendant copyshop to avoid paying permission fees that its competitor copyshops were paying. *Id.* at 1387. As the Sixth Circuit stated, "[i]f copyshops across the nation were to start doing what the defendants have been doing here, this revenue stream would shrivel and the potential value of the copyrighted works . . . would be diminished accordingly." *Id.*

The allegations in Plaintiff's Complaint present a similar situation to that which the Sixth Circuit encountered in *Princeton University Press*. Here, Defendant Glen Acord is the "alleged infringer" of the Plaintiff's exclusive rights to distribute and authorize public performance of the Program. (Doc. 1, Compl. ¶19). Defendant Glen Acord therefore bears the burden of proof to show that his alleged use of the Program at his commercial establishment, if duplicated by other establishments, would not have a sufficient effect upon the market for the Program to constitute infringement. *Princeton University Press*, 99 F.3d at 1387.

The Plaintiff has pleaded facts in relation to the market effects of the Defendant's alleged use of the Program. Plaintiff asserts that it entered into a contract with the owner of the registered copyright for the Program that "assigned Plaintiff ownership of the right to distribute .

7

. . . and authorize the public performance . . . of the Program." (Doc. 1, Compl. ¶31). As stated in the Complaint, "Plaintiff . . . expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers." (*Id.* ¶18). The Plaintiff's customers were commercial entities who entered into sublicensing agreements with the Plaintiff for limited rights to "publicly exhibit" the Program at their respective commercial establishments. (*Id.* ¶17).

Plaintiff has sufficiently pled a claim for copyright infringement, setting forth sufficient facts to reasonably conclude that there is a market for the copyrighted Program. Furthermore, the Plaintiff has pleaded sufficient facts to reasonably conclude that Defendant Glen Acord's alleged conduct, if duplicated by other establishments, would have an adverse effect on that market. Therefore, Plaintiff has pleaded sufficient facts to demonstrate Defendant Glen Acord's alleged use of the Program did not constitute fair use of copyrighted material.

Plaintiff has pleaded sufficient facts to demonstrate that Plaintiff possessed the exclusive rights to distribute and/or authorize public performance of the Program. Plaintiff has also pleaded sufficient facts that, on their face, demonstrate the Defendant's alleged use of the Program at his commercial establishment did not constitute fair use under 17 U.S.C. § 107. Therefore, Plaintiff has pleaded sufficient facts to create a plausible basis for the claim that Defendant Glen Acord violated 17 U.S.C. § 106 by allegedly showing the Program at Defendant's commercial establishment without Plaintiff's authorization.

Plaintiff also alleges that Defendant Glen Acord violated 17 U.S.C. § 501 by showing the Program at Acord's Pizza Sub & Pub without authorization from the Plaintiff. (*Id*. ¶32). Title 17 U.S.C. § 501(a) provides, "Anyone who violates any of the exclusive rights of the copyright owner as provided in sections 106 through 122 . . . is an infringer of the copyright." The

foregoing facts pleaded in regards to Defendant Glen Acord's alleged violation of 17 U.S.C. § 106 also provide a plausible basis for the Plaintiff's allegation that Defendant Glen Acord's alleged unauthorized showing of the Program at his commercial establishment violated 17 U.S.C. § 501.

Therefore, Plaintiff has pleaded sufficient facts to make a plausible basis for the allegations that Defendant Glen Acord engaged in conduct that, if proven, would make him liable for infringing upon Plaintiff's copyright to the Program under 17 U.S.C. § 106 and § 501.

### IV.     DISPOSITION

Based on the foregoing, Defendant's Motion to Dismiss is **DENIED**.

The Clerk of this Court shall terminate Document 12 from the Court's pending motions list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**